UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:03-cr-00057-jgm-1 |
| | : |
| SERGIO GUZMAN-FERREIRAS, | : |
| | : |
| Defendant. | : |
| | : |

ORDER

Defendant Sergio Guzman-Ferreiras (Petitioner) has filed a petition for writ of coram nobis to vacate his conviction.  (Doc. 48.)  The government opposes the petition.  (Doc. 49.)  Guzman-Ferreiras did not file a reply.

In November 2003, Guzman-Ferreiras pled guilty to transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324(A)(1)(a)(ii).  (Doc. 48-3.)  In March 2004, he was sentenced to time-served--consisting of three days' imprisonment--and two years' supervised release. (Doc. 32 (Judgment).)  He did not appeal his conviction.  On August 25, 2015, Guzman-Ferreiras was served with a Notice to Appear in removal proceedings initiated against him stemming from this conviction.  (Doc. 48-8.)

Guzman-Ferreiras' petition consists of his declaration, a declaration of an attorney associated with his immigration law firm, and other exhibits.  See Doc. 48.  The government's opposition asserts the petition is foreclosed by his failure to provide "good reason" for his delay in bringing it. (Doc. 49 at 5.)  The government argues it is further substantively foreclosed because there was no error in the proceedings, and, even if there was, the Supreme Court's holding in Padilla v. Kentucky, 559 U.S. 356 (2010), requiring defense counsel advise a defendant of immigration consequences arising from a guilty plea, is not applicable because Petitioner was advised of immigration consequences.  The government also asserts that, even if he was not advised of the consequences,

the holding is not retroactive for those defendants, like Petitioner, whose convictions became final prior to Padilla.  (Doc. 49 at 7-8 (citing Chaidez v. United States, 133 S. Ct. 1103 (2013).)

    The Court requests Petitioner file a memorandum of law addressing his substantive claims. The memorandum should address the applicability of the Supreme Court's Padilla and Chaidez decisions.  If Petitioner files a memorandum, it shall be limited to ten pages and filed with the Court no later than July 8, 2016.  The government may file a reply memorandum, limited to five pages and filed within two weeks of Petitioner's filing.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 20th day of June, 2016.

    /s/ J. Garvan Murtha  
    Honorable J. Garvan Murtha  
    United States District Judge