UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:03-cr-00057-jgm-1 |
| : | |
| SERGIO GUZMAN-FERREIRAS, : | |
| : | |
| Defendant. : | |
| _____ : | |

ORDER

I.     Introduction

     Defendant Sergio Guzman-Ferreiras (Guzman or "Petitioner") has filed a petition for writ of error coram nobis to vacate his conviction. (Doc. 48.) The government opposes the petition. (Doc. 49.) Guzman-Ferreiras did not file a reply. The Court requested a memorandum of law addressing Petitioner's substantive claims, including the applicability of the Supreme Court's Padilla and Chaidez decisions. (Doc. 50.) Petitioner declined the opportunity and rests on the Declaration of Labe Richman submitted in support of the coram nobis petition as his memorandum of law. See Doc. 53.

II.     Background

     On April 10, 2003, in northern Vermont, Guzman picked up three people he knew had entered the United States illegally, having previously arranged to transport them to New York City for a fee. (Doc. 48-3 at 6-7.) On May 1, Guzman and another were charged in an indictment with transporting illegal aliens within the United States. (Doc. 8.) In October, a plea agreement signed by Guzman and his attorney, Elizabeth Mann, was filed in which he agreed to plead guilty to the indictment and to cooperate with the government. (Doc. 29.) In November, Guzman pled guilty to transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324(A)(1)(a)(ii). (Doc. 48-3.) In March 2004, he was sentenced to time-served--consisting of three days'

imprisonment--and two years' supervised release.  (Doc. 32 (Judgment).)  He did not appeal his conviction.

On August 25, 2015, Guzman was served with a Notice to Appear in removal proceedings initiated against him stemming from this conviction.  (Doc. 48-8.)  Thereafter he filed the instant petition for writ of error coram nobis to vacate his conviction (Doc. 48) and, in June 2016, informed the Court he was ordered deported.  (Doc. 51.)

III.     Discussion

Guzman's petition consists of his one-page declaration, a declaration of Labe Richman, an attorney associated with his immigration law firm, and other exhibits.  See Doc. 48 & exs.  The government's opposition asserts the petition is foreclosed by his failure to provide "good reason" for his delay in bringing it.  (Doc. 49 at 5.)  The government argues it is further substantively foreclosed because there was no error in the proceedings, and, even if there was, the Supreme Court's holding in Padilla v. Kentucky, 559 U.S. 356 (2010), requiring defense counsel advise a defendant of immigration consequences arising from a guilty plea, is not applicable because Petitioner was advised of immigration consequences.  The government also asserts that, even if he was not advised of the consequences, the holding is not retroactive for those defendants, like Petitioner, whose convictions became final prior to Padilla.  (Doc. 49 at 7-8 (citing Chaidez v. United States, 133 S. Ct. 1103 (2013).)

A writ of coram nobis is an extraordinary remedy of "last resort" for petitioners who are no longer in custody for a criminal conviction and therefore cannot pursue direct review or collateral relief through a writ of habeas corpus.  Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998).  Relief under the writ is "strictly limited to cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid."  Foont v. United States, 93 F.3d 76, 78

(2d Cir. 1996) (internal quotation marks and citations omitted).  A writ of coram nobis should be granted only if: (1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ.  Id. at 79 (citations omitted).  The prior proceedings are presumed to have been conducted correctly; a petitioner must prove otherwise.  United States v. Morgan, 346 U.S. 502, 511 (1954); Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992).

      Assuming he timely brought his petition, see Doc. 49 at 4-6, Guzman has not met the high burden justifying the extraordinary remedy of a writ of coram nobis.  The Court is mindful Guzman is suffering a legal consequence of his conviction, namely, deportation.  That was a consequence, however, of which he was made aware before, during, and after his guilty plea.  The plea agreement itself stated "[t]he defendant is aware that, if he is an alien . . . the guilty plea may result in deportation."  (Doc. 29 ¶ 3.)  During the plea colloquy, the Court asked if Guzman was aware his "guilty plea may result in . . . deportation," (Doc. 48-3 at 7-8), and the Court reiterated "we have already gone over it, one of the consequences is that you may be subject to deportation once you're found guilty of a felony," id. at 11.  The Court also confirmed with Attorney Mann that she had "reviewed with [Guzman] the charge to which he is pleading guilty as well as each and every paragraph of the plea agreement."  Id. at 15.  Lastly, at Guzman's sentencing, the Court stated conditions "that [Guzman] not enter the United States–well this is in the event that he's deported, but he not enter the United States during the period of supervised release contrary to law" and "he shall abide by the U.S. Immigration and Naturalization Service's guidelines."  (Doc. 48-6 at 6.)

      Petitioner asserts there are other charges to which he could have pleaded guilty that would not have had the immigration consequences he now faces.  (Doc. 48-1 ¶ 2.)  He also claims his

attorney "made him believe that [he] had a chance at staying in the United States and [he] was never told that this was an aggravated felony that would lead to deportation with no remedy." Id. ¶ 3. In March 2016, Attorney Mann stated her usual practice was to "discuss the consequences of aggravated felonies with defendants," including advising of the immigration consequences of a plea such as "potential/probable deportation proceedings," however she "cannot say with certainty that the usual process was followed here." (Doc. 48-9.) At the time of the plea, however, Attorney Mann stated she had discussed "each and every" paragraph of the plea agreement with Guzman, and that would include paragraph three which alerted Petitioner to the prospect of deportation as a result of his plea. The Court notes Petitioner has not claimed ineffective assistance of counsel. Cf. Zhang v. United States, 506 F.3d 162, 169 (2d Cir. 2007).

The Court is not persuaded these circumstances compel the granting of a writ of coram nobis. Such a grant would not achieve justice because there has been no showing the prior proceeding was irregular or invalid.

IV.     Conclusion

For the reasons discussed above, the petition for writ of error coram nobis (Doc. 48) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of July, 2016.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge